Ramsey M. Al-Salam, CA Bar No. 109506
RAlsalam@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Eric R. Maas, CA Bar No. 345450
EMaas@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: (858) 720-5700
Facsimile: (858) 720-5799

Attorneys for Plaintiff
Manehu Product Alliance, LLC
d/b/a MantelMount

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO COUNTY

| | |
|---|---|
| MANEHU PRODUCT ALLIANCE LLC d/b/a MANTELMOUNT,<br><br>Plaintiff,<br><br>v.<br><br>TRANSFORM PARTNERS LLC d/b/a MOUNT-IT!,<br><br>Defendant. | Case No. **'24CV1814 DMS MMP**<br><br>COMPLAINT FOR PATENT INFRINGEMENT |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Manehu Product Alliance, LLC d/b/a MantelMount ("MantelMount") brings this action for patent infringement against Defendant Transform Partners LLC d/b/a Mount-It! ("Defendant" or "Mount-It!"), and alleges as follows:

## PARTIES

1. MantelMount is a limited liability company registered and existing under the laws of the State of California, with its principal place of business at 22333 Faraday Avenue, Suite J, Carlsbad, CA 92008.

2. On information and belief, Defendant Mount-It! is a corporation registered and existing under the laws of the State of California, with its principal place of business at 12113 Kirkham Road, Poway, CA 92064.

## NATURE OF ACTION

3. This is a patent infringement action arising from Mount-It!'s infringement of MantelMount's patents by its sale of infringing television wall mounts, and its refusal to cease such sales despite notice of the patents and its infringing activities.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C § 1, *et seq*., including 35 U.S.C. § 271. This Court has original and exclusive subject matter jurisdiction over the claims under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant Mount-It! because Mount-It! is a corporation organized under the laws of the State of California with its principal place of business in this District and because it has committed acts of infringement in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as well as 28 U.S.C. §1400(b) because Mount-It! is a California corporation, Mount-It! resides in this District, Mount-It! has a "regular and established place of business" in this District, and Mount-It! committed at least one act of infringement in this District. Furthermore, a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district.

## FACTUAL BACKGROUND

7. Plaintiff MantelMount is the premier designer of innovative television wall mounts, with a specific focus on mounts that lower a television for a better viewing angle (e.g., from above a fireplace). MantelMount has designed, made and sold thousands of such mounts, including manual and motorized mounts.

8. The United States Patent and Trademark Office has repeatedly acknowledged MantelMount's innovations by granting MantelMount patents on its inventions. MantelMount owns more than 20 patents and has many pending applications.

9. MantelMount is the owner of the entire right, title, and interest in and to U.S. Patent No. 8,724,037 (the "'037 Patent"), which was duly issued by the United States Patent Trademark Office on May 13, 2014. A copy of the '037 Patent is attached hereto as Exhibit A.

10. 10. MantelMount is the owner of the entire right, title, and interest in U.S. Patent No. 10,257,460 (the "'460 Patent"), which was duly issued by the United States Patent Trademark Office on April 9, 2019. A copy of the '460 Patent is attached hereto as Exhibit B.

11. MantelMount is the owner of the entire right, title, and interest in and to U.S. Patent No. 10,277,860 (the "'860 Patent"), which was duly issued by the United States Patent Trademark Office on April 30, 2019. A copy of the '860 Patent is attached hereto as Exhibit C.

12. MantelMount is the owner of the entire right, title, and interest in and to U.S. Patent No. 10,281,080 (the "'080 Patent"), which was duly issued by the United States Patent Trademark Office on May 7, 2019. A copy of the '080 Patent is attached hereto as Exhibit D.

13. MantelMount is the owner of the entire right, title, and interest in U.S. Patent No. 10,935,180 (the "'180 Patent"), which was duly issued by the United

States Patent Trademark Office on March 2, 2021.  A copy of the '180 Patent is attached hereto as Exhibit E.

14. MantelMount is the owner of the entire right, title, and interest in and to U.S. Patent No. 11,346,493 (the "'493 Patent"), which was duly issued by the United States Patent Trademark Office on May 31, 2022.  A copy of the '493 Patent is attached hereto as Exhibit F.

15. MantelMount is the owner of the entire right, title, and interest in and to U.S. Patent No. 11,607,042 (the "'042 Patent"), which was duly issued by the United States Patent Trademark Office on March 21, 2023. A copy of the '042 Patent is attached hereto as Exhibit G.

16. MantelMount is the owner of the entire right, title, and interest in and to U.S. Patent No. 11,849,246 (the "'246 Patent"), which was duly issued by the United States Patent Trademark Office on December 19, 2023. A copy of the '246 Patent is attached hereto as Exhibit H.

17. MantelMount is the owner of the entire right, title, and interest in and to U.S. Patent No. 11,856,317 (the "'317 Patent"), which was duly issued by the United States Patent Trademark Office on December 26, 2023. A copy of the '317 Patent is attached hereto as Exhibit I.

18. Mount-It! sells television wall mounts throughout the United States, including in this District.  Mount-It! sells mounts through various channels of trade, including from its own website and through Amazon.com.

19. Mount-It! has repeatedly sold mounts that incorporate MantelMount's inventions and has repeatedly refused to stop selling infringing mounts after getting notice of its infringement from MantelMount and/or its predecessor.

20. On May 4, 2018, MantelMount's predecessor, Dynamic Mounting, sent a letter to Mount-It! advising it of its infringement of the '037 patent.  Mount-It! never responded to the letter and did not cease its sales of infringing mounts.

21. On July 9, 2024, MantelMount sent a letter to Mount-It! advising it of its infringement of various patents, including the '080 Patent, the '180 Patent, the '493 Patent, the ''042 Patent, the '246 Patent and the '317 Patent. The letter, a copy of which is attached as Exhibit J, asked Mount-It! to tell MantelMount if it did not believe it was infringing the patents or, alternatively, to cease such infringement. The letter also asked for a response within two weeks. Mount-It! never responded.

22. Despite having notice of the MantelMount's patents identified above, Mount-It! has continued to sell infringing mounts. Mount-It!'s infringement has been and is willful and deliberate.

**FIRST CLAIM FOR RELIEF:**
**Infringement of U.S. Patent No. 8,724,037**

23. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

24. Mount-It! has infringed, and currently is infringing, by, among other things, making, using, selling, offering for sale and/or importing within this District and elsewhere in the United States, without license or authority, products that infringe one or more claims of the '037 Patent, as shown, by way of example, in the three claim charts attached hereto as Exhibit K.

25. Such infringement has been, on information and belief, willful, deliberate and egregious, such that it constitutes willful infringement.

26. MantelMount has suffered and will continue to suffer damages and irreparable harm in the absence of an injunction.

**SECOND CLAIM FOR RELIEF:**
**Infringement of U.S. Patent No. 10,257,460**

27. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

28. Mount-It! has infringed, and currently is infringing, by, among other things, making, using, selling, offering for sale and/or importing within this District

-5-

and elsewhere in the United States, without license or authority, products that infringe one or more claims of the '460 Patent, as shown, by way of example, in the three claim charts attached hereto as Exhibit L.

29. MantelMount has suffered and will continue to suffer damages and irreparable harm in the absence of an injunction.

## THIRD CLAIM FOR RELIEF:
## Infringement of U.S Patent No. 10,277,860

30. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

31. Mount-It! has infringed, and currently is infringing pursuant to 35 U.S.C. §§ 271(b) and (c), by inducing its customers to practice one or more of the claimed methods in the '860 patent, and by selling products that have no substantial non-infringing use, as shown, by way of example, in the six claim charts attached hereto as Exhibit M.

32. MantelMount has suffered and will continue to suffer damages and irreparable harm in the absence of an injunction.

## FOURTH CLAIM FOR RELIEF:
## Infringement of U.S. Patent No. 10,281,080

33. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

34. Mount-It! has infringed, and currently is infringing, by, among other things, making, using, selling, offering for sale and/or importing within this District and elsewhere in the United States, without license or authority, products that infringe one or more claims of the '080 Patent, as shown, by way of example, in the claim chart attached hereto as Exhibit N.

35. Such infringement has been, on information and belief, willful, deliberate and egregious, such that it constitutes willful infringement.

36. MantelMount has suffered and will continue to suffer damages and

-6-

irreparable harm in the absence of an injunction.

### FIFTH CLAIM FOR RELIEF:
### Infringement of U.S. Patent No. 10,395,180

37. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

38. Mount-It! has infringed, and currently is infringing, by, among other things, making, using, selling, offering for sale and/or importing within this District and elsewhere in the United States, without license or authority, products that infringe one or more claims of the '180 Patent, as shown, by way of example, in the claim chart attached hereto as Exhibit O.

39. Such infringement has been, on information and belief, willful, deliberate and egregious, such that it constitutes willful infringement.

40. MantelMount has suffered and will continue to suffer damages and irreparable harm in the absence of an injunction.

### SIXTH CLAIM FOR RELIEF:
### Infringement of U.S. Patent No. 11,346,493

41. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

42. Mount-It! has infringed, and currently is infringing, by, among other things, making, using, selling, offering for sale and/or importing within this District and elsewhere in the United States, without license or authority, products that infringe one or more claims of the '493 Patent, as shown, by way of example, in the claim chart attached hereto as Exhibit P.

43. Such infringement has been, on information and belief, willful, deliberate and egregious, such that it constitutes willful infringement.

44. MantelMount has suffered and will continue to suffer damages and irreparable harm in the absence of an injunction.

**SEVENTH CLAIM FOR RELIEF**
**Infringement of U.S. Patent No. 11,607,042**

45. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

46. Mount-It! has infringed, and currently is infringing, by, among other things, making, using, selling, offering for sale and/or importing within this District and elsewhere in the United States, without license or authority, products and/or processes that infringe one or more claims of the '042 Patent, as shown, by way of example, in the claim chart attached hereto as Exhibit Q.

47. Such infringement has been, on information and belief, willful, deliberate and egregious, such that it constitutes willful infringement.

48. MantelMount has suffered and will continue to suffer damages and irreparable harm in the absence of an injunction.

**EIGHTH CLAIM FOR RELIEF:**
**Infringement of U.S. Patent No. 11,849,246**

49. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

50. Mount-It! has infringed, and currently is infringing, by, among other things, making, using, selling, offering for sale and/or importing within this District and elsewhere in the United States, without license or authority, products and/or processes that infringe one or more claims of the '246 Patent, as shown, by way of example, in the claim chart attached hereto as Exhibit R.

51. Such infringement has been, on information and belief, willful, deliberate and egregious, such that it constitutes willful infringement.

52. MantelMount has suffered and will continue to suffer damages and irreparable harm in the absence of an injunction.

**NINTH CLAIM FOR RELIEF:**
**Infringement of U.S. Patent No. 11,856,317**

53. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

54. Mount-It! has infringed, and currently is infringing, by, among other things, making, using, selling, offering for sale and/or importing within this District and elsewhere in the United States, without license or authority, products and/or processes that infringe one or more claims of the '317 Patent, as shown, by way of example, in the two claim charts attached hereto as <u>Exhibit S</u>.

55. Such infringement has been, on information and belief, willful, deliberate and egregious, such that it constitutes willful infringement.

56. MantelMount has suffered and will continue to suffer damages and irreparable harm in the absence of an injunction.

**REQUEST FOR RELIEF**

WHEREFORE, MantelMount respectfully requests that the Court:

(A) Enter judgment that Mount-It! has infringed and is infringing the '037 patent, that the infringement has been willful, and that Mount-It! has not proven the patent is invalid or unenforceable;

(B) Enter judgment that Mount-It! has infringed and is infringing the '460 patent, and that Mount-It! has not proven the patent is invalid or unenforceable;

(C) Enter judgment that Mount-It! has infringed and is infringing the '860 patent, and that Mount-It has not proven the patent is invalid or unenforceable;

(D) Enter judgment that Mount-It! has infringed and is infringing the '080 patent, that the infringement has been willful, and that Mount-It! has not proven the patent is invalid or unenforceable;

(E) Enter judgment that Mount-It! has infringed and is infringing the '180 patent, that the infringement has been willful, and that Mount-It! has not proven the

COMPLAINT FOR PATENT INFRINGEMENT

patent is invalid or unenforceable;

(F) Enter judgment that Mount-It! has infringed and is infringing the '493 patent, that the infringement has been willful, and that Mount-It! has not proven the patent is invalid or unenforceable;

(G) Enter judgment that Mount-It! has infringed and is infringing the '042 patent, that the infringement has been willful, and that Mount-It has not proven the patent is invalid or unenforceable;

(H) Enter judgment that Mount-It! has infringed and is infringing the '246 patent, that the infringement has been willful, and that Mount-It has not proven the patent is invalid or unenforceable;

(I) Enter judgment that Mount-It! has infringed and is infringing the '317 patent, that the infringement has been willful, and that Mount-It has not proven the patent is invalid or unenforceable;

(J) Issue a preliminary and permanent injunction prohibiting Mount-It! and all persons or entities acting for or in concert with Mount-It from infringing the asserted patents;

(K) Enter judgment awarding MantelMount damages adequate to compensate MantelMount for Mount-It!'s infringement, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

(L) Enter judgment awarding MantelMount enhanced damages pursuant to 35 U.S.C. § 284 or as otherwise permitted by law;

(M) Enter judgment awarding MantelMount its attorneys' fees and costs pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(N) Enter judgment awarding MantelMount pre-judgment and post-judgment interest; and

(O) Award MantelMount such other and further relief as this Court or a jury may deem just and proper.

# JURY DEMAND

Plaintiff requests a jury trial on all issues triable.

Dated: October 9, 2024          **PERKINS COIE LLP**

By: */s/ Ramsey M. Al-Salam*
Ramsey M. Al-Salam, CA Bar No. 109506
RAlsalam@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Eric R. Maas, CA Bar No. 345450
EMaas@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: (858) 720-5700
Facsimile: (858) 720-5799

Attorneys for Plaintiff
Manehu Product Alliance, LLC
d/b/a MantelMount